```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
MICHAEL A. SPENCE,

                Plaintiff,

        -against-                          MEMORANDUM & ORDER
                                           12-CV-3131(JS)(WDW)
ARMOR CORRECTIONAL HEALTH,

                Defendant.
----------------------------------X
```
FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUN 18 2013 ★

LONG ISLAND OFFICE

APPEARANCES
For Plaintiff:     Michael A. Spence, pro se
                   # 12002347
                   Nassau County Correctional Center
                   100 Carman Avenue
                   East Meadow, NY 11554

For Defendant:     John J. Doody, Esq.
                   Lewis Brisbois Bisgaard & Smith, LLP
                   199 Water Street, 25th Floor
                   New York, NY 10038

SEYBERT, District Judge:

Pro se Plaintiff Michael A. Spence ("Plaintiff") commenced this action against Defendant Armor Correctional Health Services of New York, Inc. s/h/a Armor Correctional Health ("Armor" or "Defendant") on June 20, 2012 asserting a claim for deliberate indifference to a serious medical need pursuant to 42 U.S.C. § 1983 ("Section 1983"). Presently pending before this Court is Defendant's motion to dismiss Plaintiff's Complaint. For the foregoing reasons, Defendant's motion is GRANTED.

BACKGROUND[1]

Defendant is a private company that provides medical services to inmates at the Nassau County Jail (the "Jail"). (See Def. Br., Docket Entry 17, at 3.) On May 7, 2012, while incarcerated at the Jail, Plaintiff began experiencing pressure in his right eye, headaches, and dizziness. (Compl. ¶ IV.) Plaintiff "made sick call sheets to medical," (Compl. ¶ II(C)(1)), but Defendant refused to let Plaintiff see a doctor, and the only medical treatment Plaintiff has received is the provision of Tylenol. (Compl. ¶ IV.)

DISCUSSION

Defendant now moves to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) because, it says, Plaintiff has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA") and Plaintiff cannot establish a Section 1983 claim for deliberate indifference to a series medical need. The Court will first address the applicable standard of review before addressing each of Defendant's arguments in turn.

I. Standard of Review

In deciding Rule 12(b)(6) motions to dismiss, the Court applies a "plausibility standard," which is guided by

---

[1] The following facts are taken from Plaintiff's Complaint and the documents attached thereto and are presumed to be true for the purposes of this Memorandum and Order.

"[t]wo working principles." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); accord Harris v. Mills, 572 F.3d 66, 71-72 (2d Cir. 2009). First, although the Court must accept all allegations as true, this "tenet" is "inapplicable to legal conclusions;" thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678; accord Harris, 572 F.3d at 72. Second, only complaints that state a "plausible claim for relief" can survive a Rule 12(b)(6) motion to dismiss. Iqbal, 556 U.S. at 679. Determining whether a complaint does so is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.; accord Harris, 572 F.3d at 72.

Because Plaintiff is litigating pro se, the Court reads his Complaint liberally, see, e.g., Mancuso v. Hynes, 379 F. App'x 60, 61 (2d Cir. 2010), and interprets his papers to "raise the strongest arguments that they suggest," Corcoran v. N.Y. Power Auth., 202 F.3d 530, 536 (2d Cir. 1999) (quoting McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999)).

Furthermore, in deciding a motion to dismiss, the Court is confined to "the allegations contained within the four corners of [the] complaint." Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 71 (2d Cir. 1998). This has been interpreted broadly to include any document attached to the

3

Complaint, any statements or documents incorporated in the Complaint by reference, any document on which the Complaint heavily relies, and anything of which judicial notice may be taken. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002) (citations omitted); Kramer v. Time Warner Inc., 937 F.2d 767, 773 (2d Cir. 1991).

II. Exhaustion under the PLRA

Defendant asserts that Plaintiff's Complaint should be dismissed because Plaintiff has failed to exhaust his available administrative remedies before bringing this suit as required by the PLRA. The Court disagrees.

The PLRA provides, in relevant part, that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002). However, failure to exhaust is an affirmative defense, and the Supreme Court has held that "inmates are not required to specially plead or demonstrate exhaustion in their

4

complaints." Jones v. Bock, 549 U.S. 199, 216, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007). "Dismissal under Rule 12(b)(6) for failure to exhaust is thus appropriate only where nonexhaustion is apparent from the face of the complaint." Roland v. Smith, --- F. Supp. 2d ----, 2012 WL 601071, at *2 (S.D.N.Y. Feb. 22, 2012) (citing McCoy v. Goord, 255 F. Supp. 2d 233, 251 (S.D.N.Y. 2003)).

Here, Plaintiff attaches two grievance forms to his Complaint. According to the grievance form dated May 10, 2012, the grievance coordinator directed Plaintiff to provide more information regarding his complaint. (Compl. at 8[2].) Plaintiff did so, and the grievance form dated June 7, 2012 shows that the grievance coordinator accepted Plaintiff's grievance. (Compl. at 7.) As indicated on the form, however, Plaintiff was unhappy with the coordinator's decision and refused to sign. (Compl. at 7.) Just a few weeks later, Plaintiff commenced the instant proceedings. Thus, the only documentation Plaintiff provides suggests that he chose not to appeal the grievance coordinator's decision because he did not sign the grievance form, and therefore he did not exhaust his administrative remedies.

However, even where the plaintiff did not formally exhaust his administrative remedies, exhaustion may be excused

---

[2] Page numbers refer to those provided by the Electronic Case Filing system.

5

if: (1) administrative remedies were unavailable; (2) the defendants forfeited the defense or acted in such a way as to estop them from raising it; or (3) "special circumstances" justify non-exhaustion. Hemphill v. New York, 380 F.3d 680, 686 (2d Cir. 2004); see also Messa v. Goord, 652 F.3d 305, 309 (2d Cir. 2011). Plaintiff's opposition brief indicates that Plaintiff was informed by "C.O. Reshad" that he could not appeal. (Pl.'s Opp. Aff., Docket Entry 19, at 1.)

Where prison officials misinform an inmate regarding next steps in the grievance procedure or represent that additional steps are not necessary, administrative remedies arguably are not "available" to the inmate, and thus the Court may potentially excuse his failure to exhaust. See Williams v. Suffolk Cnty., No. 11-CV-5198, 2012 WL 6727160, at *5-6 (E.D.N.Y. Dec. 28, 2012). In addition, inquiries regarding exhaustion and excuse typically cannot be determined on an undeveloped record. See Harris v. Westchester Cnty. Dep't of Corrs., No. 06-CV-2011, 2008 WL 953616, at *4 (S.D.N.Y. Apr. 3, 2008); Brown v. Austin, No. 05-CV-9443, 2007 WL 2907313, at *3 (S.D.N.Y. Oct. 3, 2007). Accordingly, Plaintiff's opposition sufficiently raises the potential for excuse so as to survive a motion to dismiss. Therefore, Defendant's motion to dismiss the Complaint for Plaintiff's failure to exhaust is DENIED.

III. Section 1983 Claim for Deliberate Indifference

Even if Plaintiff has exhausted his administrative remedies, Defendant argues that Plaintiff has not sufficiently pled a Section 1983 claim for deliberate indifference to a serious medical need because, inter alia, Plaintiff has not alleged any policy or direct participation of any individual defendant. The Court agrees.

To state a claim under Section 1983, a plaintiff must "'allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States.'" Rae v. Cnty. of Suffolk, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)). In addition, a Section 1983 claim must allege the personal involvement of any individual defendant in the purported constitutional deprivation. Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010) (quoting Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006)); see also Pettus v. Morgenthau, 554 F.3d 293, 300 (2d Cir. 2009). A complaint based upon a violation under Section 1983 that does not allege facts establishing the personal involvement of an individual defendant fails as a matter of law. See Costello v. City of Burlington, 632 F.3d 41, 48-49 (2d Cir. 2011).

7

Here, Plaintiff names Armor as the only defendant. As this Court previously explained in Gaines v. Armor Health Care, Inc., however, there is no respondeat superior liability in Section 1983 actions and, therefore, naming Armor as a defendant without alleging some individual liability requires dismissal. No. 12-CV-4666, 2012 WL 5438931, at *3 (E.D.N.Y. Nov. 2, 2012) (citing Minneci v. Pollard, --- U.S. ----, 132 S. Ct. 617, 625, 181 L. Ed. 2d 606 (2012) and Southerland v. City of N.Y., 681 F.3d 122, 137 (2d Cir. 2012) for the proposition that there is no respondeat superior liability for Section 1983 claims). Furthermore, "absent from the Complaint are any allegations . . . that Plaintiff's constitutional rights were violated pursuant to some policy, practice, or custom of the Defendant as is required by Monell v. Department of Social Services, 436 U.S. 658, 691-94, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978), and its progeny." Id. Accordingly, Defendant's motion to dismiss the Complaint on this ground is GRANTED.

IV. Leave to Replead

Finally, Defendant argues that this Court should not grant Plaintiff leave to replead his Complaint because any amendments would be futile. The Court disagrees.

The Second Circuit has stated that "[w]hen a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint." Hayden v. Cnty. of Nassau, 180 F.3d 42,

8

53 (2d Cir. 1999); see also FED. R. CIV. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). Although the Court agrees with Defendant that the Complaint is deficient, there is some "indication that a valid claim might be stated." Cuoco v. Mortisugu, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation marks and citation omitted). Accordingly, the Court grants Plaintiff leave to replead.

## CONCLUSION

Defendant's motion to dismiss is GRANTED, and Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE with leave to file an Amended Complaint. If Plaintiff chooses, he must file an Amended Complaint, stating all of his claims and factual allegations, on or before July 22, 2013. If he does not do so, the Complaint will be dismissed with prejudice and the case will be closed.

[BOTTOM OF PAGE INTENTIONALLY LEFT BLANK]

The Court certifies that pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mail a copy of this Memorandum and Order to pro se Plaintiff.

SO ORDERED.

s/ Joanna Seybert
Joanna Seybert, U.S.D.J.

Dated: June 18, 2013
Central Islip, NY